UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>FAKHOURI, INC., d/b/a SOUND BITES CAFÉ, and YASSER MIRZA,<br><br>Defendants. | Civil Action No.<br><br>May 6, 2022<br><br>**Injunctive relief requested** |

## COMPLAINT

This case concerns employers that: (1) threatened an employee who sought unpaid overtime wages; and (2) told other employees to provide false information to the government about their overtime pay. Based on the employers' unlawful activity, Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action under the Fair Labor Standards Act (the "FLSA") to restrain Defendants Fakhouri Inc., d/b/a Sound Bites Café, and Yasser Mirza (collectively, "Defendants") from retaliating against employees and their families in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

Employee Fabian Zuleta initiated a state court lawsuit against Defendants in February 2021 seeking unpaid overtime wages. In response, Defendants cut Zuleta's work hours, gave Zuleta menial and difficult jobs outside the scope of Zuleta's usual duties, and harassed Zuleta on the job. In the wake of this mistreatment, Zuleta complained to the Wage Hour Division of the United States Department of Labor. During the pendency of Zuleta's lawsuit as well as an investigation of Defendants by the Wage and Hour Division of the United States Department of Labor, Defendants urged employees to provide the government with false information about

their overtime pay. Defendant Yasser Mirza has also repeatedly threatened to call law enforcement authorities on Zuleta and to harm members of Zuleta's family in response to Zuleta's various protected activities, including pursuit of the private lawsuit as well as collaborating with federal investigators. As a result of Defendants' conduct: (1) Zuleta fears for Zuleta's safety as well as the safety of their family; (2) the rest of Defendants' workforce is at risk of being deterred from exercising their rights under the FLSA; and (3) the Secretary's ability to investigate and address violations of the Act is at risk of being undermined.

The Secretary, therefore, seeks from this Court an order permanently enjoining Defendants and those acting on their behalf from violating the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3), through any further intimidation, threats, harassment, or other adverse action against current or former employees and their families as a result of employees' protected activity under the FLSA. The Secretary also seeks punitive damages for Defendants' alarming retaliation.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the United States District Court for the District of Massachusetts because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Parties

3. Plaintiff Martin J. Walsh, Secretary of Labor, Department of Labor, is authorized to bring actions to restrain violations of the anti-retaliation provision and other provisions of the

FLSA. *See* 29 U.S.C. §§ 211(a), 216(b), 216(c), and 217. The Secretary is the proper plaintiff in this action.

4. Defendant Fakhouri, Inc. ("Fakhouri") is a Massachusetts corporation with a principal business address of 704 Broadway, Somerville, MA 02144. Fakhouri operates a restaurant at this location under the name "Sound Bites Café."

5. Defendant Yasser Mirza is a director and sole officer of Fakhouri.

6. At all relevant times, Mirza actively managed and directed Fakhouri's day-to-day operations.

**Fabian Zuleta's Employment**

7. From approximately 2009 through the present, Fabian Zuleta has worked for Defendants as a cook.

8. During that time period, Zuleta was an employee, as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

9. Defendant Mirza supervised Zuleta.

10. Throughout Zuleta's employment up to approximately February 2021, Zuleta regularly worked approximately 60 hours per week.

11. From at least mid-2018 through February 2021, Zuleta's regular hourly wage was around $17 per hour.

12. During this same time period, Defendants never paid Zuleta the overtime premium required by Section 7 of the FLSA, 29 U.S.C. § 207, for weeks in which Zuleta worked more than 40 hours.

13. During this same time period, Zuleta never received one and one-half times Zuleta's regular rate of pay from Defendants for overtime hours worked.

14. Defendants always paid Zuleta wages at Zuleta's straight-time rate of pay.

**Zuleta's Protected Activity and Defendants' Retaliation**

15. Prior to January 2021, Zuleta made informal attempts to persuade Defendants to comply with their legal obligation to pay overtime wages.

16. Zuleta periodically discussed pay issues with Defendant Mirza and other supervisors.

17. Defendants responded to these efforts by harassing or threatening Zuleta.

18. That harassment and those threats would dissuade a reasonable worker from engaging in protected activity under the FLSA, such as requesting proper overtime time from an employer.

19. For instance, in one May 23, 2020 text message exchange initiated by Zuleta inquiring into his rate of pay, Defendant Mirza responded by stating that he "paid [Zuleta] all over times."

20. In that same text message exchange, Defendant Mirza repeatedly stated that Mirza would fire Zuleta and call the police if Mirza saw Zuleta come back to the restaurant.

21. On several other occasions (including one incident that occurred in front of customers) Defendant Mirza responded to Zuleta's oral inquiries about overtime pay by berating Zuleta, cursing at Zuleta, and telling Zuleta to get out of the restaurant.

22. In January 2021, Zuleta filed a private state court lawsuit against Defendants, seeking overtime wages owed to him under the FLSA as well as Massachusetts law.

23. Zuleta served Defendants with process in this state court lawsuit in approximately February 2021.

24. Shortly thereafter, Defendants reduced Zuleta's work hours from the prior average of approximately 60 hours per week to approximately 40 hours per week.

25. Defendants did not impose a similar hours reduction on any of their other employees at that time.

26. After Zuleta brought the lawsuit, Defendants also assigned Zuleta to work on the hardest and busiest days of the workweek, Friday through Sunday.

27. After Zuleta brought the lawsuit, Defendants assigned Zuleta menial work outside of Zuleta's normal job description, such as cleaning bathrooms and fixing plumbing issues.

28. Defendant Mirza subjected Zuleta to verbal abuse and threats in response to the filing of the state court lawsuit.

29. Defendant Mirza regularly stated Mirza would report Zuleta to police or other law enforcement if Zuleta did not drop the lawsuit.

30. In late May 2021, Zuleta complained to the Wage and Hour Division of the United States Department of Labor regarding Defendants' pay practices.

31. In mid-2021, the Wage and Hour Division opened an investigation into Defendants' pay practices and compliance with the FLSA.

32. Zuleta cooperated with the Wage and Hour Division's investigation throughout the latter half of 2021, including by providing a statement to the agency in August 2021 regarding Zuleta's work for Defendants.

33. After Zuleta began cooperating with the Wage and Hour Division's investigation of Defendants, Defendant Mirza escalated his threats against Zuleta.

34. Defendant Mirza stated that Zuleta needed to put a stop to the government investigation and that there would be consequences if Zuleta failed to do so.

35. Defendant Mirza stated that Mirza had at least one relative who is a "killer" and that it was possible to pay people to kill, suggesting that Mirza could pay someone to harm Zuleta's family members.

36. Zuleta's state court wage-related lawsuit was resolved on approximately December 14, 2021 by an out-of-court agreement.

37. In early 2022, Zuleta received a number of calls from private or unknown numbers in which the caller purported to be a police officer or other law enforcement officer.

38. In these calls, the caller would state that Zuleta needed to "get rid of the case" or something would happen to Zuleta or Zuleta's family.

39. Zuleta reasonably believed these repeated calls to be coming from or prompted by Defendant Mirza, and to be referring at least in part to the ongoing Wage and Hour Division investigation.

40. Zuleta's beliefs were reasonable given that the threats in these calls mirrored the threats that Defendant Mirza regularly made prior to, and during, the state court lawsuit and Wage and Hour Division investigation.

41. During early 2022, Zuleta was collecting back wages due under the settlement agreement in Zuleta's state court lawsuit.

42. During 2022, Zuleta continued to provide assistance to Wage and Hour Division's ongoing FLSA investigation into Defendants.

43. Zuleta reported the threatening calls to the Wage and Hour Division in late February 2022, a couple of weeks after receiving the last such call.

**Defendants' Other FLSA Retaliation**

44. Defendants engaged in adverse action against other employees in response to activity protected under the FLSA.

45. For instance, Ruben Orrego is a former employee of Defendants who quit the restaurant around four or five months ago in response to continued frustrations with Orrego's pay as well as how Orrego was treated at Sound Bites.

46. When Orrego was employed at Sound Bites, Orrego would regularly complain to Defendant Mirza regarding the restaurant's failure to pay overtime premiums for hours worked in excess of 40 hours in a week.

47. Defendant Mirza would generally respond to these complaints with scorn and abuse, including by stating that if Orrego wanted to work at a place that paid overtime, Orrego could just leave.

48. Shortly after the Wage and Hour Division's investigation began, Defendant Mirza attempted to coerce current and former employees, including Orrego, into giving false testimony regarding Defendants' unlawful pay practices.

49. Defendant Mirza told Orrego to say to the Wage and Hour Division that he was paid a weekly salary for all hours worked, rather than the hourly wage Orrego was actually paid.

50. Defendant Mirza instructed multiple employees to tell government investigators that he was a good boss.

51. Defendant Mirza instructed multiple employees to tell government investigators that he paid his employees overtime wages.

52. Defendant Mirza told multiple employees, including Orrego, that there would be consequences, including termination, for employees who did not follow Mirza's instructions.

7

53. Defendant Mirza also instructed employees that they were to return to Mirza any money they received from a government investigation.

54. As the Wage and Hour Division's investigation was ongoing, Defendant Mirza continued to make statements to employees regarding how they should provide false information to investigators.

55. As the Wage and Hour Division's investigation was ongoing, Defendant Mirza periodically repeated to employees the threat to terminate any employee who did not follow his instructions to lie to investigators.

56. As recently as a few weeks ago, Defendant Mirza reiterated to employees Mirza's expectation that they provide investigators with false information regarding the restaurant's pay practices or simply not speak to investigators at all.

57. These actions by Defendant Mirza would dissuade a reasonable employee from engaging in protected activity under the FLSA, such as providing information to the Wage and Hour Division.

## COUNT ONE
**(Violation of the Anti-Retaliation Provision of the FLSA, 29 U.S.C. § 215(a)(3))**

58. The Secretary incorporates by reference and re-alleges all foregoing allegations in the Complaint.

59. Section 15(a)(3) prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee . . . has testified or is about to testify in any . . . proceeding" under the Act. 29 U.S.C. § 215(a)(3).

60. In violation of Section 15(a)(3) of the FLSA, Defendants have retaliated against Zuleta because Zuleta engaged in activities protected under the FLSA, including making informal complaints regarding the payment of overtime, filing a private lawsuit seeking overtime wages, and cooperating with the Wage and Hour Division's investigation.

61. Defendants have also engaged in adverse action against other employees they believed were about to provide information to the Wage and Hour Division.

62. As a result of Defendants' actions, a reasonable employee would be dissuaded from engaging in activities protected under the FLSA, such as cooperating with an investigation by the Secretary into violations of the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, cause having been shown, the Secretary respectfully prays that this Court enter judgment against Defendants and provide the following relief:

a. An order issued pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, from violating the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), including by threatening, harassing, or intimidating any current or former employee or their family members because the employee engaged in protected activity under the FLSA;

b. An order awarding punitive damages for Defendants' retaliation in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

c. An order awarding the Secretary all costs of this action; and

d. An order awarding the Secretary with any other relief that the Court deems necessary and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Secretary requests a jury trial in this matter on all issues triable by jury.

| | |
|---|---|
| Post Office Address: | Seema Nanda<br>Solicitor of Labor |
| U.S. Department of Labor<br>Office of the Solicitor<br>John F. Kennedy Federal Building<br>Room E-375<br>Boston, MA 02203<br>TEL: (617) 565-2500<br>FAX: (617) 565-2142 | Maia S. Fisher<br>Regional Solicitor<br><br>Mark A. Pedulla<br>Wage and Hour Counsel<br><br>/s/ Joseph Michalakes<br>Joseph Michalakes<br>Trial Attorney |
| Date: May 6, 2022 | Michalakes.Joseph.J@dol.gov<br>MA BBO No. 696740<br><br>U.S. Department of Labor<br>Attorneys for Plaintiff |